**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BIRCH HILL REAL ESTATE, LLC, ELLSWORTH REAL ESTATE, LLC, EG REAL ESTATE, LLC, N.H. REAL ESTATE, LLC, KEWAUNEE REAL ESTATE LLC, LANCASTER REAL ESTATE LLC, MAPLE LANE REAL ESTATE, LLC, M REAL ESTATE, LLC, MENOMINEE REAL ESTATE, L.L.C., MINERAL POINT REAL ESTATE LLC, PARKSIDE REAL ESTATE LLC, MOUTH REAL ESTATE, LLC, WILLIAMS BAY ASSISTED LIVING, LLC, TNIOP REAL ESTATE, LLC, TR REAL ESTATE LLC, WILLIAMS BAY REAL ESTATE LLC, WISCONSIN RAPIDS REAL ESTATE, LLC, RICE HEALTH CARE FACILITIES OF WISCONSIN, INC., RHCF, INC., RHCF TWO, INC., RICE HOUSING FACILITIES, INC., AND RICE HOUSING FACILITIES TWO, INC. | **CIVIL ACTION No. 25-cv-12053**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER <u>TEMPORARILY SEALING MATERIALS</u>** |
| Plaintiffs, | |
| -against- | |
| KEVIN BRESLIN, BOUJIE BOKEN DESIGNS LLC, AND KATHRYN COSTELLO, | |
| Defendants. | |

**THIS MATTER** having come before the Court pursuant to the Motion to Temporarily Seal by Plaintiffs, by and through their attorneys, for an Order pursuant to Local Civil Rule 5.3(c) sealing portions of Plaintiffs' Complaint; and the Court having considered the written submissions of the Plaintiffs and the Declaration of Juan S. Olivo-Castro; and the Court having determined that this action involves confidential information; and for other and good cause having been shown; the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.      This is an action for, *inter alia*, recovery pursuant to Judgment recorded and domesticated with New Jersey's Judiciary Electronic Document Submission ("JEDS") system on March 8, 2023 (the "Judgment").

2.      This action stems from a related action in the Hudson County Superior Court, Special Civil Part, captioned *Birch Hill Real Estate, LLC et al., v. Kevin Breslin*, HUD-DJ-025856-2023. As part of that action, the parties agreed to a protective order to govern the disclosure of confidential information, which was so ordered and entered by the Honorable Kimberely Espinales Maloney, J.S.C., on or about January 23, 2025 (the "PO").

3.      The PO requires that the parties take certain actions to preserve the confidential nature of materials and information designated as confidential under the PO.

4.      The Complaint (ECF No. 1) filed by Plaintiffs contains certain confidential information designated as confidential by Defendant Boujie Boken Designs, LLC pursuant to the PO.

5.      Due to the designation of the materials as confidential, until Boujie Boken Designs, LLC has an opportunity to appear and indicate its position on filing the materials publicly, there is no less restrictive alternative to sealing the confidential materials.

6.      Plaintiffs' request is narrowly tailored to sealing only the confidential information contained in the above confidential materials, and is brought only to preserve Boujie Boken Designs, LLC's ability to defend that the materials are in fact confidential and should be protected from public disclosure.

## CONCLUSIONS OF LAW

7.      Upon consideration of the papers submitted in support of the Motion, the Court concludes that the Plaintiffs have met their burden of proving under Local Civil Rule 5.3 and applicable case law that the confidential materials described above should be temporarily sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Specifically, the Court concludes that: (a) the confidential materials contain confidential information covered by the PO; (b) the Parties have a legitimate interest in maintaining the confidentiality of the confidential materials to protect the disclosure of personal information; (c) public disclosure of the confidential materials would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the confidential materials is available.

8.      The foregoing conclusions are supported by relevant case law holding that the right of public access is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential information from being transmuted into materials presumptively subject to public access. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

IT IS on this _8th_ day of _July_____, 2025:

**ORDERED** that, based upon the foregoing findings of fact and conclusions of law, that Plaintiffs' Motion to Seal is hereby GRANTED; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permit the confidential information to be sealed temporarily, unless and until Boujie Boken Designs, LLC has the opportunity to seek the permanent sealing of the materials, and the Clerk shall take such other

4937-9296-7245

steps as may be reasonably required to maintain the confidentiality of the confidential information contained in the Complaint.

**SO ORDERED**

*s/Michael A. Hammer*

<u>Michael A. Hammer, U.S.M.J.</u>

Date: 7/8/25